IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON
Assigned on Briefs July 11, 2001

## BOBBY J. ARMSTRONG v. STATE OF TENNESSEE

**Direct Appeal from the Circuit Court for Madison County**
**No. C00-237     Roy B. Morgan, Judge**

---

**No. W2000-02598-CCA-R3-PC  - Filed July 19, 2001**

---

The Appellant, Bobby J. Armstrong, appeals from the dismissal of his petition for post-conviction relief.  Armstrong's convictions stem from his guilty pleas to two counts of felony murder and two resulting consecutive sentences of life without the possibility of parole.  In this appeal, Armstrong raises the following issues for our review: (1) whether the guilty plea was knowingly, intelligently and voluntarily made; and (2) whether trial counsel was ineffective for failing to request a competency hearing to determine Armstrong's mental condition.  After review, we find Armstrong's guilty plea was knowing, intelligent and voluntary and that he received effective assistance of counsel.  As such, we affirm the judgment of the Madison County Circuit Court.

**Tenn. R. App. P. 3; Judgment of the Circuit Court is Affirmed.**

DAVID G. HAYES, J., delivered the opinion of the court, in which JERRY L. SMITH and ALAN E. GLENN, JJ., joined.

Ramsdale O'DeNeal, Jr., Jackson, Tennessee, for the Appellant, Bobby J. Armstrong.

Paul G. Summers, Attorney General and Reporter; Michael Moore, Solicitor General; J. Ross Dyer, Assistant Attorney General; Al Earls, Assistant District Attorney General, for the Appellee, State of Tennessee.

### OPINION

#### Factual Background

On September 4, 1997, Madison County Police Officers found the bodies of victims, Doris and Delois Turner, inside their home.  The cause of death was determined to be blunt force trauma to the head.  The victims often hired the Appellant to do "handy-man work" around their home.  After questioning from the police, the Appellant confessed to the crimes, explaining that he went to

the Turner residence to borrow $20 to purchase crack cocaine but after he saw that the victims had more than $20 he decided to "get it all." The Appellant then bludgeoned the victims to death by striking them multiple times in the head with a hammer. Testimony indicated that the Appellant's previous history included fourteen felony convictions and, at the time of the offenses, he was on probation. Following indictments for two counts of felony murder, the State gave notice of its intent to seek the death penalty.

## ANALYSIS

In order to succeed on a post-conviction claim, the Appellant bears the burden of showing, by clear and convincing evidence, the allegations set forth in his petition. Tenn. Code Ann. § 40-30-210(f). When this court undertakes review of a lower court's decision on a petition for post-conviction relief, the lower court's findings of fact are given the weight of a jury verdict and are conclusive on appeal absent a finding that the evidence preponderates against the judgment. State v. Keith, 978 S.W.2d 861, 864 (Tenn. 1998). This court may not reweigh or reevaluate the evidence or substitute its inferences for those drawn by the post-conviction court. Further, questions concerning the credibility of witnesses and the weight to be given their testimony are for resolution by the post-conviction court. Black v. State, 794 S.W.2d 752, 755 (Tenn. Crim. App. 1990).

### A. Knowing, Intelligent and Voluntary

In the present case, the Appellant first contends that his plea was not "knowingly, intelligently and voluntarily made, and that he did not have an understanding of the nature of the charges and the consequences of his plea." Specifically, the Appellant asserts that his guilty plea was the "result of ignorance due to his limited intelligence and mental retardation."

When determining whether a guilty plea was knowing and voluntary, this court must look to the totality of the circumstances. State v. Turner, 919 S.W.2d 346, 353 (Tenn. Crim. App.1995). The established test for determining the validity of the guilty plea is "whether the plea represents a voluntary and intelligent choice among the alternative courses of action open to the defendant." Hill v. Lockhart, 474 U.S. 52, 56, 106 S. Ct. 366, 369 (citing North Carolina v. Alford, 400 U.S. 25, 31, 91 S. Ct. 160, 164 (1970)). In order for a plea to be deemed knowingly and voluntarily entered, an accused must be informed of the rights and circumstances involved and nevertheless choose to waive or relinquish those rights. State v. Mackey, 553 S.W.2d 337, 340 (Tenn.1977). Post-conviction relief may only be granted if a conviction or sentence is void or voidable because of a violation of a constitutional right. *See* Tenn. Code Ann. § 40-30-203.

At the hearing, the post-conviction court found the Appellant's guilty plea to have been knowingly, voluntarily and intelligently made. In denying the Appellant's petition, the post-conviction court reasoned as follows:

> As to coercion or pressure, the Court finds specifically that the defendant had discussions with his attorney and with those assisting defense counsel, even coming

-2-

from Nashville, a capital case specialist for example, to make sure that this defendant had a thorough understanding of the charges against him, the offer being made by the State and the alternatives of going to trial versus entering the plea agreement. There's been no indication today by clear and convincing evidence that this petitioner did not understand what he was doing, nor did he enter a plea merely because of being pressured or coerced. The transcript which is an exhibit to this proceeding today indicates very clearly that the court went over with this defendant his rights which included the right to continue with a not guilty plea and proceed to trial.

We agree with the post-conviction court's reasoning and also find the Appellant's petition to be without merit.

The record indicates that the trial court questioned the Appellant extensively as to whether his plea was made with knowledge and understanding. When asked if he was satisfied with his counsel's performance, the Appellant replied that he was satisfied. At the post-conviction hearing, the Appellant offered no expert proof as to the extent of his limited intelligence. Although the Appellant now argues that his "mental condition" prevented him from making a knowing, intelligent and voluntary plea, the record indicates that trial counsel consulted numerous experts who concluded that the Appellant, who had "some mental retardation," was more than capable of understanding right from wrong, the proceedings against him, and the consequences of his decisions.[1] Additionally, trial counsel testified that he spent "more time with [the Appellant] than [he] would have on just a run-of-the-mill case." Although the Appellant testified that he felt "scared" and "pressured," he also testified that he understood his attorney and the charges against him. Even more importantly, the trial court explained the possible sentencing ranges to the Appellant, who stated that he understood his options, before accepting his plea. We conclude that the record fully supports the findings of the post-conviction court which found that the Appellant failed to prove, by clear and convincing evidence, that his guilty plea was entered into without knowledge, intelligence or voluntariness. This issue is without merit.

## B. Ineffective Assistance of Counsel

To succeed in a challenge for ineffective assistance of counsel, the Appellant must demonstrate that counsel's representation fell below the range of competence demanded of attorneys in criminal cases. Baxter v. Rose, 523 S.W.2d 930, 936 (Tenn. 1975). Under Strickland v. Washington, 466 U.S. 668, 686, 104 S. Ct. 2052, 2064 (1984), the Appellant must establish (1) deficient representation and (2) prejudice resulting from the deficiency. A reviewing court need not consider the two prongs of Strickland in any particular order. Strickland v. Washington, 466 U.S. at 697, 104 S. Ct. at 2069. Furthermore, if the Appellant fails to establish one prong, a reviewing court need not consider the other. Id. The issues of deficient performance by counsel and possible

---

[1]The defense team experts included the head of the Vanderbilt forensic psychiatry department, a clinical psychologist, a neurologist and a pharmacologist.

prejudice to the defense are mixed questions of law and fact; thus, our review of this case is *de novo*. State v. Burns, 6 S.W.3d 453, 461 (Tenn. 1999).

The Appellant contends that trial counsel was ineffective for failing to move the trial court for a competency hearing to determine the Appellant's mental condition. Specifically, the Appellant contends that because Dr. Wilson's report concluded that he had "some mental retardation," trial counsel was ineffective for neglecting to request a competency hearing. We disagree. At the post-conviction hearing, the trial court found trial counsel to be effective and reasoned as follows:

> The court so finds, that there was a thorough investigation on behalf of this case by [trial counsel], numerous visits with the defendant, and more importantly, the court finds that defense counsel made every effort to obtain the experts' evaluations and reports necessary to make a fair evaluation of this case. There were numerous experts ranging from pharmacologists to mitigation specialists, to clinical psychologists, not limited just to those three categories but numerous ones employed on behalf of the [Appellant]. The court finds clearly that the defendant had competent and effective counsel that did their job and did it well.

Trial counsel petitioned the court for several experts who examined the Appellant prior to the plea hearing. All of these experts agreed that the Appellant was competent to stand trial. Although Dr. Wilson's report did indicate some retardation, the report also indicated that the Appellant was capable of making clear judgments and could decide between right and wrong. As such, we do not find trial counsels' decision against requesting a competency hearing to be deficient. Because the Appellant failed to prove the first prong of Strickland, we need not consider the second prong. Strickland v. Washington, 466 U.S. at 697, 104 S. Ct. at 2069. As the trial court properly concluded, trial counsel provided an effective representation and was in no manner deficient. This issue is also without merit.

## CONCLUSION

We find that the Appellant knowingly, intelligently and voluntarily entered his plea of guilty to two counts of felony murder and that trial counsel was not deficient for failing to request a competency hearing. Accordingly, we affirm the judgment of the Madison County Circuit Court.

_____
DAVID G. HAYES, JUDGE

-4-